No. 99-578

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 227

301 Mont. 233

8 P. 3d 116

IN THE MATTER OF C.A.,

Youth in need of care,

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

The Honorable Maurice R. Colberg, Jr., Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Paul E. Toennis, Graves, Toennis & Gustafson, Billings, Montana

For Guardian ad Litem:

Patrick Kenney, Billings, Montana

For Respondent:

Joseph P. Mazurek, Montana Attorney General, Jennifer Anders, Assistant Montana Attorney General; Dennis Paxinos, Yellowstone County Attorney, Melanie Logan, Deputy Yellowstone County Attorney, Billings, Montana

Submitted on Briefs: March 17, 2000

Decided: August 18, 2000

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Sharon Allais (Allais) appeals the judgment and order of the Thirteenth Judicial District Court, terminating the parent-child relationship between herself and the child, C.A.

¶2 We affirm.

¶3 The following issue is presented on appeal:

¶4 Whether the District Court erred in terminating Allais' parental rights with regard to C. A.

Standard of Review

¶5 We review a district court's decision to terminate parental rights for whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *See* In Re Custody and Parental Rights of P.M., 1998 MT 264, ¶ 10, 291 Mont. 297, ¶ 10, 967 P.2d 792, ¶ 10 (citations omitted). We have long recognized that "a natural parent's right to care and custody of a child is a fundamental liberty interest, which must be protected by fundamentally fair procedures." In Re R.B., Jr. (1985), 217 Mont. 99, 103, 703 P.2d 846, 848. Consequently, "prior to terminating an individual's parental rights, the district court must adequately address each applicable statutory requirement." In Re E.W., 1998 MT 135, ¶ 12, 289 Mont. 190, ¶ 12, 959 P.2d 951, ¶ 12 (citation omitted). Further, the party seeking termination of an individual's parental rights has the "burden of proving by clear and convincing evidence that the statutory criteria for termination have been met." In the Matter of J.N. , 1999 MT 64, ¶ 12, 293 Mont. 524, ¶ 12 , 977 P.2d 317, ¶ 12 (citation omitted).

## Factual and Procedural Background

¶6 C.A. was born in December, 1992 to Allais and Darold Brey (Brey). In March, 1998 the Department of Public Health and Human Services (the Department) received a report that drugs were being sold from Allais' home in the presence of a young girl. The following month, the Department received a report that Allais was allowing Matt Fuller (Fuller), a known child molester, to be "around" C.A. The Department made numerous unsuccessful attempts to contact Allais. Police found C.A. and she was placed in emergency foster care. A social worker met with Allais and observed that she seemed strung-out and that she tried to light the wrong end of a cigarette in her mouth. Allais also had red marks on her arms that appeared to be track marks. The social worker asked Allais to submit a sample for urinalysis; Allais failed to provide a sample.

¶7 C.A. was observed with Fuller in April, 1998. They were seen entering a bar late at night. C.A. had wet her pants and she was crying. When C.A. tried to hug Allais, Allais pushed her away. In April, 1998 the Department filed a petition for Temporary Investigative Authority and Emergency Protective Services. The District Court entered an order for protective services and granted the Department temporary custody of C.A.

¶8 Roxanne Roller (Roller), a social worker with the Department, was assigned to the case in May, 1998. Roller reviewed Allais' treatment plan with Allais and told her that she had to comply with the plan within one year.

¶9 In July, 1998 Allais provided a urinalysis that tested "positive for amphetamine, marijuana, and cocaine." However, Allais "failed to provide any other UAS pursuant to her contracts with Alternatives, Inc." Those contracts were dated May 12, 1998 to September 30, 1998 and October 21, 1998 to December 31, 1998. Allais made no progress on her treatment plan between July 29, 1998 and October 7, 1998; she was incarcerated during that period for traffic offenses.

¶10 In October, 1998 a temporary custody hearing was held. Allais did not object to the Department's request for temporary custody. C.A. was adjudicated a Youth in Need of Care.

¶11 After her release from jail on October 8, 1998 Allais made no progress on her treatment plan. In December, 1998 Allais was taken into custody after receiving a twelve-year sentence on three felony charges.

¶12 Allais' presentence investigation (PSI) revealed that Allais "was involved in a lengthy criminal spree involving check forgery, deceptive practices, and deceptive practices (common scheme)." C.A. was in Allais' care during the crime spree.

¶13 In February, 1999 the Department filed a petition for Permanent Legal Custody, Termination of Parental Rights, and Right to Consent to Adoption. The District Court heard the case in April and May of 1999. At the hearing, Allais testified that she never took C.A. to a dentist. She "acknowledged that when [C.A.] was in her care, she was not an adequate parent in that she drank around [C.A.], did not pay attention to her, and allowed inappropriate people to be around her." Allais admitted that she had left C.A. alone with Fuller "[m]aybe for a few minutes at a time," but claimed she did not know "his thing until after all this happened." Giving "primary consideration to the physical, mental, and emotional needs of the child," the District Court terminated the parent-child relationship between C.A. and her parents, Allais, Brey, and "any other unknown father." The District Court awarded permanent custody of C.A. to the Department with authority to consent to adoption. From that judgment and order Allais appeals.

## Discussion

¶14 Whether the District Court erred in terminating Allais' parental rights with regard to C.A.

¶15 Allais argues that the District Court erroneously found that the jail is not "a child friendly environment and it is not an appropriate place to conduct a visit between a parent and a child." Allais appears to assert that the District Court improperly based its finding solely on the testimony of one social worker. Allais also contends that the District Court erroneously made the "implication" from that finding that her requests for visits were inappropriate and that this implication "inappropriately colored" its determination that Allais could not become an adequate parent within a reasonable period of time. Allais asserts that the District Court's findings are an "almost de facto determination that mothers incarcerated in our State prison facilities cannot satisfactorily rehabilitate themselves to resume the parenting role."

¶16 The State responds that substantial evidence supports the District Court's findings that the jail is not a child-friendly environment and that it is not an appropriate place for parent-child visits. The State asserts that no evidence contradicted the social worker's assessment of the jail and that the testimony of one witness is sufficient to establish a fact, citing this

Court's decision in State v. Southern, 1999 MT 94, ¶ 80, 294 Mont. 225, ¶ 80, 980 P.2d 3, ¶ 80. Finally, the State argues that the District Court did not terminate Allais' parental rights because she requested visits with C.A. and that "[t]he majority of [Allais'] failures and shortcomings, which are reflected throughout the lower court's order, occurred prior to her incarceration and are unrelated to an inability to visit with her daughter while in jail."

¶17 We conclude that Allais' arguments are without merit. Substantial credible evidence supported the District Court's determination that the jail was not a child-friendly place. Roller testified:

> It is the Department's position that the jail is an inappropriate environment for a child to be exposed to. It's not a child-friendly place there. It takes a great deal of extra work on the jailors to be--to do visits out in a room rather than to talk on the phone through the glass. The jail is resistant to that.

As the State notes, the testimony of one witness is sufficient to establish a fact. *See Southern* (citations omitted), ¶ 80. Further, Allais has failed to identify anything in the record that contradicts Roller's testimony.

¶18 More importantly, we reject Allais' underlying premise that the District Court critically relied on this finding in terminating Allais' parental rights. Nothing in the District Court's order suggests that but for its findings that the jail was not child-friendly and that Allais requested visits with C.A. while she was incarcerated, the District Court would not have terminated her parental rights.

¶19 Our review of the District Court's order establishes that Allais' incarceration was not a controlling consideration. The District Court determined that Allais was not a fit parent, finding for example that even if Allais had been ignorant of Fuller's past, "it was still inappropriate for [Allais] to leave [C.A.] alone with a man she admits she knew so little about." The District Court found that Allais had failed to accomplish any of the goals in her court-approved treatment plans. The District Court found further that

> The concerns at this time continue to be the same as they were at the inception of this matter, with the added concern that [Allais] is now in prison for an unknown period of time. . . . Although [Allais] now claims that she is beginning some of the tasks on her treatment plan, the fact remains that there was a period of time when [Allais] was not incarcerated, and during that time, she did nothing to work on her

treatment plan. . . . [T]he testimony and evidence still raises [sic] very significant concerns that [Allais] would be unable to maintain any progress while free in the community, that she continues to be unable to take responsibility for her child's safety and well-being, that she continues to make questionable decisions, and that she continues to be dishonest. . . . There is no showing that it is in the child's best interests that [Allais'] parental rights be retained at this time.

The District Court looked appropriately to "the entire history of the case" and the best interests of C.A. in determining whether to terminate Allais' parental rights.

¶20 Allais also argues that the District Court's negative conclusion regarding the likelihood of Allais becoming a fit parent within a reasonable time was unsubstantiated by clear and convincing evidence. Allais argues that the State had a burden to show by clear and convincing evidence that the Montana Women's Prison's programs would not rehabilitate her as a parent within a reasonable time. The State responds that clear and convincing evidence supported the District Court's determination that Allais was not likely to become a fit parent within a reasonable time.

¶21 We agree. We note, moreover, that Allais has misstated the State's burden of proof. The State's burden was not to prove that prison programs would not rehabilitate Allais but rather to show by clear and convincing evidence that "the statutory criteria for termination have been met." *Matter of J.N.*, ¶ 12.

¶22 The District Court concluded that "[t]ermination is proper herein pursuant to the following provisions of the Montana Code Annotated (1997): § 41-3-609(1)(a); § 41-3-609 (1)(b); § 41-3-609(1)(c); § 41-3-609(1)(e)(i) and § 41-3-609(1)(e)(ii); § 41-3-609(1)(f); § 41-3-609(2)(d); § 41-3-609(2)(e); and § 41-3-609(2)(g)." Section 41-3-609, MCA (1997), provides in pertinent part:

**Criteria for termination. (1) The court may order a termination of the parent-child legal relationship upon a finding that any of the following circumstances exist:**

(a) the parents have relinquished the child pursuant to 42-2-402 and 42-2-412;

(b) the child has been abandoned by the parents as set forth in 41-3-102;

. . .

(e) the child is an adjudicated youth in need of care and both of the following exist:

(i) an appropriate treatment plan that has been approved by the court has not been complied with by the parents or has not been successful; and

(ii) the conduct or condition of the parents rendering them unfit is unlikely to change within a reasonable time; or

(f) the parent has substantially failed to successfully complete or meet the goals of a treatment plan approved by the court and the child has been in an out-of-home placement for a cumulative total period of 1 year or longer.

Section 41-3-609, MCA (1997).

¶23 Allais has not disputed the District Court's conclusions regarding the application of § 41-3-609, MCA (1997), to her case. Having failed to dispute both the District Court's specific legal conclusions and the sufficiency of the evidence that supported them, we conclude that her claim is without merit.

¶24 The judgment and order of the District Court are affirmed.

/S/ W. WILLIAM LEAPHART

We Concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ WILLIAM E. HUNT, SR.

/S/ TERRY N. TRIEWEILER